# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MARCUS WILLIAMS, #66417**                                                    **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO: 4:08CV21-LRA**

**WARDEN DALE CASKEY, ET AL**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

THIS CAUSE is before the Court on the Motion for Summary Judgment, ECF No. 77, filed by Defendants Warden Dale Caskey, Assistant Warden Roberto Gillespie, Bart Grimes, and Robert Grubbs. Plaintiff has filed no written response to the motion, but the Court has considered Plaintiff's sworn testimony given at the omnibus hearing in considering the motion. The Court has reviewed all the pleadings, Plaintiff's testimony, and the applicable law. This review compels the Court to find that the motion is meritorious and should be granted.

**I.    Facts & Procedural History**[1]

Williams's sworn testimony at the omnibus hearing, the Complaint, and records submitted by Defendants reveal the following relevant facts: Plaintiff is an inmate in the custody of the Mississippi Department of Corrections. He was transferred from Parchman to the East Mississippi Correctional Facility ["EMCF"] in Meridian, Mississippi, on April

---

[1]The facts are presented in the light most favorable to Plaintiff. The complete facts, as testified to by Plaintiff, are accurately summarized in Defendants' Memorandum in support of the Motion for Summary Judgment and will not be repeated in detail herein.

18, 2007. His housing record indicates that he was housed in the EMCF's Housing Unit I from April 18, 2007, to December 3, 2007. At that time, Housing Unit I was used to house D custody (maximum custody) inmates and those inmates in administrative segregation.

On December 3, 2007, Williams was moved to Housing Unit 4 of the EMCF. He filed this Complaint on March 6, 2008. On January 27, 2010, Plaintiff was transferred from the EMCF to the Central Mississippi Correctional Facility [CMCF], where he is currently housed.

All of Plaintiff's allegations involve his conditions of confinement while housed at EMCF. His ARP regarding sanitary conditions in lockdown was filed one month after his arrival at EMCF, so his attempts to exhaust his complaints concerned only his confinement in Housing Unit 1. At the omnibus hearing, Plaintiff also complained about conditions at Housing Unit 4. Plaintiff charges that his conditions at EMCF were so unsanitary that they violated his constitutional rights. He charges that he was unable to receive cleaning supplies, so he was unable to clean his cell. He contracted staph infection on several occasions due to the conditions. He concedes that he received "acceptable" medical care, and he has no permanent injuries as a result of his confinement.

The details of Plaintiff's testimony regarding his confinement at EMCF are accurately summarized in Defendants' Memorandum, ECF No. 78, pages 5-12. Because Plaintiff has now been transferred to CMCF, injunctive relief regarding his conditions of confinement are moot. The only claim remaining is his request for a $50,000 money

2

judgment against these Defendants for the "irreparable harm and injuries he suffered due to the Defendants' deliberate indifference towards his health and safety."[2]

## II.   Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322.  There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

---

[2]Complaint, ECF No. 1, p. 13.

### III.     Analysis

#### A.     Exhaustion of Administrative Remedies

Defendants request the Court to dismiss all of Plaintiff's claims due to the fact that Williams failed to completely exhaust his administrative remedies prior to filing this lawsuit as to *any* of the claims contained in the Complaint.  In support, Defendants have attached the Affidavit of Janie Birdtail, Administrative Remedies Program [ARP] Coordinator at EMCF,  ECF No. 77-2.  The information contained in this affidavit has not been rebutted by Plaintiff with competent evidence.

Ms. Birdtail is the ARP Coordinator and custodian of ARP records and files at the EMCF.  She explains that ARP requests are handled in the order they are received.  To prevent procedural abuse/overuse, the program provides that once an ARP is accepted for processing, additional ARP requests will be logged and set aside ("in backlog") for handling once the current Request review is completed.  Only ten ARPs may be backlogged; any filed exceeding that number are returned to an inmate without filing.

Ms. Birdtail confirms that she is familiar with Williams and his ARP record.  Since entering the MDOC system, Williams has filed 61 ARP requests pertaining to different matters.  As to matters while at EMCF, he submitted 20 grievances during 2007, 2008 and 2009.  Of that number, he only completed all three steps of the ARP program for only two which pertained to his incarceration at the EMCF.

The only ARP Plaintiff filed which contains allegations similar to those in this case was ARP-EMCF-07-659. In that ARP, Plaintiff complained of lockdown conditions in Housing Unit 1. The ARP was received on May 23, 2007, [while he was housed in Unit 1] and held until his other open ARP was closed. The processing of 07-659 began on October 17, 2007. Williams completed Steps 1 and 2 but did not complete Step 3 or otherwise receive a certificate from MDOC Commissioner Epps regarding this grievance request. Plaintiff attached these ARP proceedings to his Complaint. At the omnibus hearing, Plaintiff stated that he had sent his Step 3 form to Commissioner Epps but had not yet received the ruling. His Third Step complaint was that "Mr. Casky refused to acknowledge the fact that offenders in segregation were not being given cleaning supplies, no outdoor exercise, and were lacking a number of basic life necessities that are guaranteed by policy and law." ECF No. 1, p. 12.

Specifically, in ARP 07-659, Plaintiff complains as follows:

[t]he totality of the conditions of the confinement on Housing Unit 1 which is the lockdown unit here at the East Mississippi Correctional Facility are so deplorable, unsafe, unsanitary and inhumane they amount to cruel and unusual punishment! The conditions I am addressing are conditions that are a basic necessity for any person to live a normal and healthy life while incarcerated in an institution and are listed on the attached sheet of paper.[3]

In the following pages, Plaintiff complained of lack of outside recreation; the denial of cleaning supplies; the denial of medical care; lack of eating/writing surfaces; and, lack of storage space.

---

[3]ECF No. 77-2, p. 6.

As pointed out by Defendants, nowhere in his ARP does Plaintiff state that he has suffered any actual harm; instead, he contends that he will have health problems in the future. He made no complaint regarding a staph infection in any ARP, nor does he complain about visits from his case manager. All of his complaints pertain only to Housing Unit 1, the segregation unit. He has filed no ARPs regarding the conditions in Housing Unit 4, where he was housed when the complaint was filed.

None of the information provided by Ms. Birdtail regarding the ARP record of Plaintiff has been rebutted. Plaintiff referenced the above ARP-2007-659, but he failed to include a certificate from the MDOC Commissioner confirming that he has completed all of the steps of the ARP program.

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e, contains an "'invigorated' exhaustion provision, § 1997e(a)." *Woodford, et al. v. Ngo*, 548 U.S. 81, 84, (2006) (citing *Porter v. Tussle*, 534 U.S. 516, 524 (2002)).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted.
> 42 U.S.C. § 1997e(a) (1995).

The PLRA requires a prisoner to "exhaust all 'available' remedies, not just those that meet federal standards. . . . As [the Supreme Court] held in *Booth*, a prisoner must now exhaust all administrative remedies even where the relief sought - monetary damages - cannot be granted by the administrative process." *Woodford*, at 85 (citing *Booth v.*

6

*Churned*, 532 U.S. 731, 739 (2001)). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id*. at 85 (citing *Booth*, at 739). Exhaustion is "required for any suit challenging prison conditions, not just for suits under § 1983." *Id.*, at 85 (citing *Porter v. Tussle*, at 524).

In *Woodford*, the Supreme Court found that the PLRA's exhaustion requirement means "proper" exhaustion, which requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88, 93. The Court reasoned that a "prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction." *Id.* at 95.

The requirement of exhaustion applies regardless of the prisoner's opinion on the efficacy of the institution's administrative remedies program.[4] *Alexander v. Tippah County, MS*, 351 F.3d 626, 629 (5th Cir. 2003). It is not for the court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness." *Booth*, 532 U.S. at 740 n. 5. Thus, regardless of the relief that a prisoner seeks, he must first exhaust any administrative remedy that is available to him.

---

[4]See ECF No. 1, p. 19, #8. Plaintiff contends that the ARP program at EMCF "does not provide post-deprivation remedies, and in most cases when an offender submits a valid claim they either refuse to respond, or refuse to answer them. This is the main reason I decided to file an official complaint."

7

The failure to exhaust is an affirmative defense that a prisoner is not required to plead; the defendant must plead and prove the prisoner's failure to exhaust. *Jones v. Bock*, 549 U.S. 199, 204 (2007). *See also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (applying *Jones*). In Williams's case, Defendants have proven this affirmative defense by substantial evidence which has not been rebutted. The Court finds that Defendants' burden of proof has been met; Williams has not fully exhausted his administrative remedies.

For these reasons, Plaintiff may not proceed in this case because he did not fully exhaust his ARP remedies.

**B.     Merits of Plaintiff's Claims**

Alternatively, the Court has considered the merits of those allegations which Plaintiff included in his ARP-07-659 because of the possibility that Plaintiff may have now completed the Third Step regarding this ARP.

Plaintiff's primary complaints regarding his conditions of confinement were the denial of cleaning supplies and the unsanitary conditions in Housing Unit 1. Although he complained about his medical care at one point, he conceded at the omnibus hearing that his medical care was adequate. He also complained that he was allowed no outside exercise while housed in lockdown. Because Williams is no longer housed at EMCF, no injunctive relief could be granted. A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility. See,

e.g., *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2002). The remaining relief requested is a monetary judgment.

The Court finds that Plaintiff's allegations, taken in a light most favorable to him, simply do not rise to the level of a constitutional violation. In order to successfully prove an Eighth Amendment conditions-of-confinement claim, a civil rights plaintiff must allege facts which suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir.2001). This "risk must be of such a level that today's society would not tolerate it." *Id*. In order to prevail on such a conditions-of-confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless have shown a "deliberate indifference" to the plaintiff's "health or safety." *Id.*; *see also Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998).

A prisoner must show that the inflicting officer has exhibited "deliberate indifference" to the conditions. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Mere negligence does not satisfy the "deliberate indifference" standard. *Id.* The prisoner must suffer from an extreme deprivation of any "minimal civilized measure of life's necessities." *Id.* at 304. Like other Eighth Amendment claims, a conditions-of-confinement claim must satisfy tests for both the objective and subjective components. *Davis v. Scott*, 157 F.3 1003,

1006 (5th Cir. 1998), *citing Hudson v. McMillian*, 503 U.S. 1, 8 (1992). As the Court noted in *Davis*, since "[f]or the objective component, extreme deprivations are required to make out a conditions-of-confinement claim," and cannot be made, it is unnecessary to reach the subjective component.

In Plaintiff's case, neither the objective or subjective components can be met. Plaintiff concedes that he did receive adequate medical care. After moved from lockdown, he was allowed outdoor exercise. He was fed and clothed and received medications. Although conditions may not have been sanitary, his health did not decline in a significant way. Most importantly, Williams has not been physically *harmed* due to his conditions of confinement, and no Defendant intentionally caused Plaintiff to suffer harm. Although he contends he suffered from staph infections, these were treated.[5] He points to no Defendant whom he claims was intentionally attempting to punish Plaintiff by his confinement conditions.

An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Under the circumstances, wherein Plaintiff has not set forth any fact or testimony with which to show an intent to punish, or deliberate indifference, on the part of these individuals, the conditions complained of do not rise to the level of an Eighth Amendment or Fourteenth Amendment violation. Plaintiff has shown no

---

[5]He clearly did not exhaust his administrative remedies regarding the contraction of staph infections; this problem is contained in no ARP.

actual injury; he primarily claimed discomfort and the fear of becoming ill. This does not rise to the level of an Eighth Amendment claim. His vague allegations regarding his case worker's refusal to help him fail, also.

## IV.  Conclusion

The Court finds that there are no genuine issues as to any material fact regarding the issue of exhaustion of Williams's claims against these Defendants, and the Complaint could be dismissed on that basis. Alternatively, the Court has considered the merits of Plaintiff's claims. Having liberally construed the Complaint in favor of Plaintiff, the Court finds that his claims are frivolous[6] and fail to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Since this case is dismissed pursuant to these provisions of the Prison Litigation Reform Act, it will be counted as a "strike."[7] If Plaintiff receives "three strikes," he will be

---

[6]"Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. See *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

[7]28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or appeal.

THEREFORE, it is hereby ordered that Defendants' Motion to Dismiss, ECF No. 77, is GRANTED. The Complaint is dismissed with prejudice pursuant to 28 U.S.C. Section 1915(e)(2)(B). A Final Judgment in favor of all Defendants shall be entered on this date.

SO ORDERED, this the 22nd day of November, 2010.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE